1

2

3

4

UNITED STATES DISTRICT COURT

5

NORTHERN DISTRICT OF CALIFORNIA

6

7    MARIA MILANO,                          Case No.  16-cv-03246-JSW

                    Plaintiff.

8

9        v.                                 ORDER DENYING APPLICATION TO
                                            PROCEED IN FORMA PAUPERIS AND
10   CITY HOUSING AUTHORITY OF              DISMISSING COMPLAINT AND
     RICHMOND CAL CONTRA COSTA             VACATING CASE MANAGEMENT
11   COUNTY,                                CONFERENCE

                    Defendant.              Re: Dkt. No. 3

12

13          Plaintiff Maria Milano has applied to proceed with this lawsuit in forma pauperis ("IFP")

14   pursuant to 20 U.S.C. § 1915.  The district court may deny IFP status and, even where the filing

15   fee is paid, may dismiss a complaint if federal subject matter jurisdiction is lacking or if the

16   complaint is frivolous.  28 U.S.C. § 1915(e)(2)(B).  A complaint is frivolous if "it lacks an

17   arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  Where a

18   complaint fails to state that any constitutional or statutory right was violated and fails to assert any

19   basis for federal subject matter jurisdiction, there is no arguable basis in law under *Neitzke* and the

20   Court may dismiss the complaint under 19 U.S.C. § 1915(e)(2)(B).

21          In her complaint, Plaintiff alleges that she "is filing a lawsuit against Richmond Housing

22   Aut[hority], for wrongful termination of Section 8 Voucher housing, over a disputed with Section

23   8 Landlord security deposit, I was wrongful termination with no good cause, that leave myself and

24   family homeless living on the streets and motel over the past 3 years." (Compl. ¶ 5.)  The

25   remainder of Plaintiff's Statement of Facts and Claims describes injuries that Plaintiff alleges that

26   she and her family have suffered, and the damages that Plaintiff seeks.  (*Id.*)  Plaintiff does not,

27   however, provide any factual allegations that support her claim that the termination of her housing

28   was wrongful or describe Defendant's allegedly wrongful conduct—the "who, what, where, and

*United States District Court*
*Northern District of California*

when" of the events at issue.  Nor has she alleged what law(s) or right(s) she believes that Defendant violated.  This is not enough "to state a claim to relief that is plausible on its face" under Federal Rules of Civil Procedure 8(a) and 12(b)(6).  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988) ("Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.").

If Plaintiff alleges that a municipal government entity had a policy or custom that violated her constitutional rights, she must allege facts supporting that claim.  *See Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690 (1978); *see also AE v. County of Tulare*, 666 F.3d 631, 636-37 (9th Cir. 2012) (a plaintiff suing a municipal entity must allege sufficient facts regarding the specific nature of the allegedly unlawful policy, custom, or practice to allow the defendant to effectively defend itself, and these facts must plausibly suggest that plaintiff is entitled to relief).

Plaintiff alleges that the wrongful termination took place three years ago.  It is possible that a statute of limitations may bar Plaintiff's claims as untimely.  For example, if Plaintiff is suing under 42 U.S.C. § 1983, the Court applies the forum state's statute of limitations for personal injury torts, which, in California, is two years.  *See Maldonado v. Harris*, 370 F.3d 945, 954 (9th Cir. 2004).  The present complaint, however, lacks sufficient facts to determine the legal basis of Plaintiff's claim(s) and thus, the applicable statute of limitations.   In any amended complaint, Plaintiff should plead sufficient facts for the Court to determine when she knew or had reason to know of the injury that is the basis of her lawsuit, and whether there was any reason that the statute of limitations was tolled (or did not run) during the time before she filed suit.

The Court also cannot discern the basis of federal court jurisdiction over Plaintiff's Complaint.  Plaintiff does not allege any federal law or right that would give rise to federal question jurisdiction.  Plaintiff alleges that her case "belongs in federal court under diversity jurisdiction because none of the plaintiffs live in the same state as any of the defendants and the amount of damages is more than $75,000."  (Compl. ¶ 2.)  *See* 28 U.S.C. § 1332(a).  The complaint, however, indicates that Plaintiff resides in Pinole, California, and that Defendant's address is in Richmond, California, within the same state.  In other words, the complaint gives no

United States District Court
Northern District of California

reason to believe that diversity of citizenship exists.  To establish diversity jurisdiction, Plaintiff must set forth the facts that lead her to believe that she and Defendant are "citizens" of different states from each other.

Additionally, although Plaintiff states that she is seeking $500,000,000, she provides no facts indicating that she has any good faith basis to believe that her claims could sustain a judgment of over $75,000.  *See Christensen v. Northwest Airlines, Inc.*, 633 F.2d 529, 530-31 (9th Cir. 1980).  In any amended Complaint, to support diversity jurisdiction, Plaintiff must provide sufficient facts to support a good faith allegation that damages could exceed $75,000.

Finally, Plaintiff purports to sue on behalf of her family.  (Compl. ¶ 1(a).)  However, Plaintiff, who is not an attorney, may not represent anyone other than herself.  *See Russell v. United States*, 308 F.2d 78, 79 (9th Cir. 1962) ("a litigant appearing in propria persona has no authority to represent anyone other than himself").  Any claim on behalf of anyone other than Plaintiff Maria Milano is also dismissed for this reason.

Therefore, the Court DENIES Plaintiff's application to proceed IFP and DISMISSES the complaint without prejudice.  The Court GRANTS Plaintiff leave to amend if she can do so in good faith, consistent with the allegations of her original complaint, and in compliance with her obligations under Federal Rule of Civil Procedure 11.  Plaintiff may file an amended complaint by no later than July 14, 2016.  If Plaintiff fails to file an amended complaint by that date, the Court will dismiss the case with prejudice and enter judgment.

If Plaintiff files an amended complaint, she may also file a renewed request to proceed IFP.

The Court hereby VACATES the case management conference scheduled for September 16, 2016.  The case management conference may be re-set by separate order if Plaintiff files an amended complaint.

The Court advises Plaintiff that the Court has a guide for pro se litigants called *Representing Yourself in Federal Court: A Handbook for Pro Se Litigants*, which is available online at http://cand.uscourts.gov/prosehandbook or in hard copy, free of charge, from the Clerk's Office.

Also, Plaintiff may make an appointment to speak with an attorney at the Legal Help

United States District Court
Northern District of California

3

Center, free of charge.  The Legal Help Center may be able to provide basic legal assistance, but not representation.  Plaintiff may call the Legal Help Center at (415) 782-8982 to schedule an appointment.  The Legal Help Center does not accommodate drop-ins.

**IT IS SO ORDERED.**

Dated: June 16, 2016

_____
JEFFREY S. WHITE
United States District Judge